# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA FAYE WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-18-1075-D |
| DEPARTMENT OF HUMAN SERVICES OF THE STATE OF OKLAHOMA, | ) ) ) ) |
| Respondent. | ) ) |

## ORDER

Before the Court is Respondent's Motion to Dismiss [Doc. No. 6], filed pursuant to FED. R. CIV. P. 12(b)(6) following removal of the case to federal court. Respondent is the Department of Human Services of the State of Oklahoma ("OKDHS"). Petitioner has not filed a response nor requested additional time in which to do so. Thus, the matter is fully briefed and at issue.[1]

Petitioner asserts a claim under 42 U.S.C. § 1983 for alleged conspiratorial violations of her civil rights. More specifically, Petitioner alleges that OKDHS acted unconstitutionally, cruelly, and maliciously in excluding her "from participating in all section Federal health care programs, pursuant to 42 U.S.C. § 1320A-7 and sections of the Social Security Act …." [Doc. No. 1-4]. Petitioner alleges that she attempted to apply for a child care license in 2014, but her actions were ignored. *Id.* She also alleges that in September 2017 she "sought employment and was presented with a Federal Mandated

---

[1] Since Petitioner failed to respond within the time limits prescribed by LCvR 7.1(g), the matters set forth in the motion are deemed confessed.

Exclusion dating back to June 18, 1998." *Id.* Finally, Petitioner asserts that she was not the person who should have been excluded, but rather another Linda Faye Wilson from Crossett, Arkansas, is the excluded subject. *Id.*

Although Petitioner's action was originally filed in state court, upon removal, Rule 12(b)(6) of the Federal Rules of Civil Procedure and the pleading standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) govern the sufficiency of her allegations. *See Smith v. Bayer Corp.*, 564 U.S. 299, 304 n. 2 (2011) ("[F]ederal procedural rules govern a case that has been removed to federal court.") (citation omitted); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("After the removal of an action from state court … it has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters.") (citation omitted).

Since Petitioner appears *pro se*, the Court is required to construe her filings liberally. *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). However, it must not assume the role of advocate, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and is under no obligation to construct legal arguments on Petitioner's behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Applying a liberal construction, the Court finds Petitioner's conspiracy claim is insufficient to state a claim upon which relief can be granted. Although "[a]llegations of conspiracy may, indeed, form the basis of a § 1983 claim," Petitioner "must allege specific facts showing an agreement and concerted action amongst the [Respondents]." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (*quoting Hunt v. Bennett*, 17

F.3d 1263, 1266 (10th Cir. 1994)). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Id.*

Under Oklahoma law a "civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 148 (Okla. 1998). "*There can be no civil conspiracy where the act complained of and the means employed are lawful.*" *Id.* (emphasis in original). Petitioner names only one Respondent – OKDHS. However, a governmental entity "cannot conspire with itself." *Brasier v. City of Tulsa*, 268 F.2d 558, 559 (10th Cir. 1959); *see also Tanique, Inc. v. State ex rel. Okla. Bureau of Narcotics and Dangerous Drugs*, 99 P.3d 1209, 1218 (Okla. Civ. App. 2004). Further, Petitioner does not allege any unlawful activity on behalf of OKDHS. Assuming, *arguendo*, for the sake of argument that OKDHS placed Petitioner on the federally mandated exclusion list, at most, Petitioner alleges a case of mistaken identity by OKDHS regarding another person who shares Petitioner's name. There are no allegations that OKDHS conspired with others to pursue an unlawful purpose or to employ unlawful means.

Finally, the Eleventh Amendment bars Petitioner from seeking money damages against OKDHS, an arm of the State. *See McKinney v. State of Okla., Dep't of Human Services, Shawnee, Okla.*, 925 F.2d 363, 365 (10th Cir. 1991) (OKDHS is entitled to Eleventh Amendment immunity); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

3

# CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss [Doc. No. 6] is GRANTED. The Petition is dismissed without prejudice. The Court also finds that Petitioner need not be granted leave to further amend her pleading.[2] A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 24th day of July 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238 n. 4 (10th Cir. 2013) (*citing Calderon v. Kansas Dep't of Soc. & Rehab. Services*, 181 F.3d 1180, 1185-87 (10th Cir. 1999)); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989). Further, a plaintiff making "such a request 'must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment.'" *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (*quoting Calderon*, 181 F.3d at 1186-87).